# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-03271-MSK-BNB

RICHARD RABITO,

    Plaintiff,

v.

ACCORDANT HEALTH SERVICES,
LLC, a Delaware limited liability company

    Defendant.

## ANSWER OF ACCORDANT HEALTH SERVICES, LLC

The Defendant, Accordant Health Services, LLC, whose correct name is Accordant Health Services, L.L.C. (hereinafter "Defendant"), hereby responds to the allegations contained in Plaintiff Richard Rabito's (hereinafter "Plaintiff") December 3, 2013 Amended Verified Complaint, paragraph by paragraph, as follows:

### PARTIES

1.    The Defendant neither admits nor denies, because it has no knowledge of same, the allegations contained in paragraph 1 and, therefore, calls upon the Plaintiff to prove same.

2.    The Defendant admits that Accordant Health Services, L.L.C. is a limited liability company organized under the laws of the State of Delaware and that it transacts business in the State of Colorado.

3.    The Defendant admits the allegations contained in paragraph 3.

4.       As this case has been removed to the District Court for the District of Colorado, no response to paragraph 4 is required.

## FACTS COMMON TO ALL COUNTS

5.       The Defendant admits that, in or about March 2012, Defendant's Vice President, Sales & Business Development, Mark Jolly, made the decision to hire the Plaintiff as a National Sales Director for the Defendant with a start date of April 2, 2012.  The Defendant denies the remaining allegation contain in paragraph 5.

6.       The Defendant admits that, at the time of his hire, the Plaintiff was one of three National Sales Directors.  The Defendant denies the remaining allegations contained in paragraph 6.

7.       The Defendant admits that its offer of employment to the Plaintiff consisted of compensation in the form of base pay and incentive compensation pursuant to Defendant's sales compensation program.  The Defendant denies the remaining allegations contained in paragraph 7.

8.       The Defendant admits that it presented the Plaintiff with a copy of its 2013 Incentive Compensation Plan, and that a copy of the front page of that plan is attached to the Plaintiff's amended verified complaint as Exhibit 1.  The Defendant neither admits nor denies the content of that letter as it is a written document that speaks for itself.  No responsive pleading is required from the Defendant to the remaining statements contained in paragraph 8.

9.       The Defendant neither admits nor denies the express objectives of the Plan, as those objectives are set forth in the Plan, a written document that speaks for itself.  To the extent that a response is required to paragraph 9, the allegations are denied.

10. The Defendant admits that its offer of employment to the Plaintiff consisted of compensation in the form of base pay and incentive compensation pursuant to the Defendant's sales compensation program. The Defendant denies the remaining allegations contained in paragraph 10.

11. The Defendant denies the allegations contained in paragraph 11.

12. The Defendant denies the allegations contained in paragraph 12, which includes a legal conclusion to which no responsive pleading is required.

13. The Defendant denies the allegations contained in paragraph 13.

14. The Defendant neither admits nor denies, because it has no knowledge of same, the allegations contained in paragraph 14 and, therefore, calls upon the Plaintiff to prove same.

15. The Defendant denies the allegations contained in paragraph 15.

16. The Defendant admits, upon information and belief, the allegations contained in paragraph 16.

17. The Defendant admits that Mr. Jolly handled the sales activities and discussions with Molina Health Care, Inc. The Defendant denies the remaining allegations contained in paragraph 17.

18. The Defendant denies the allegations contained in paragraph 18.

19. The Defendant denies the allegations contained in paragraph 19.

20. The Defendant neither admits nor denies, because it has no knowledge of what the Plaintiff understood as alleged in paragraph 20 and, therefore, calls upon the Plaintiff to prove same. The Defendant denies the accuracy of the Plaintiff's stated understanding.

21. The Defendant neither admits nor denies, because it has no knowledge of the Plaintiff's expectation as alleged in paragraph 20 and, therefore, calls upon the Plaintiff to prove same. The Defendant denies the accuracy of the Plaintiff's stated expectation.

22. The Defendant admits that the Plaintiff received a 2.5 percent increase to his base salary in or about April 2013. The Defendant denies the remaining allegations contained in paragraph 22.

23. The Defendant denies the allegations contained in paragraph 23.

24. The Defendant denies the allegations contained in paragraph 24.

25. The Defendant denies the allegations contained in paragraph 25.

26. The Defendant denies the allegations contained in paragraph 26.

27. The Defendant denies the allegations contained in paragraph 27.

28. The Defendant denies the allegations contained in paragraph 28.

29. The Defendant denies the allegations contained in paragraph 29.

30. The Defendant neither admits nor denies the contents of the Plan as it is a written document that speaks for itself. The Defendant denies the remaining allegations contained in paragraph 30.

31. The Defendant neither admits nor denies the contents of the Plan as it is a written document that speaks for itself. The Defendant denies the remaining allegations contained in paragraph 31.

32. The Defendant denies the allegations contained in paragraph 32.

33. The Defendant denies the allegations contained in paragraph 33.

34. The Defendant denies the allegations contained in paragraph 34.

35.     The Defendant admits that it received a letter from the Plaintiff's counsel dated November 1, 2013, a copy of which is attached to the Plaintiff's amended verified complaint as Exhibit 3.  The Defendant neither admits nor denies the content of that letter as it is a written document that speaks for itself.  The Defendant denies the remaining allegations contained in paragraph 35.

FIRST CLAIM FOR RELIEF
(Declaratory Relief)

36.     The Defendant repeats and incorporates by reference its responses to paragraphs 1 through 35 as if set forth in full herein.

37.     The Defendant denies the allegations contained in paragraph 37.

38.     The Defendant denies the allegations contained in paragraph 38.

39.     The Defendant denies the allegations contained in paragraph 39.

40.     The Defendant denies the allegations contained in paragraph 40, and further denies that the Plaintiff is entitled to relief, in any form, from the Defendant.

SECOND CLAIM FOR RELIEF
(Fraudulent Misrepresentation)

41.     The Defendant repeats and incorporates by reference its responses to paragraphs 1 through 40 as if set forth in full herein.

42.     The Defendant denies the allegations contained in paragraph 42.

43.     The Defendant denies the allegations contained in paragraph 43.

44.     The Defendant denies the allegations contained in paragraph 44.

45.     The Defendant denies the allegations contained in paragraph 45.

46.     The Defendant denies the allegations contained in paragraph 46.

47. The Defendant denies the allegations contained in paragraph 47, and thus denies that the Plaintiff is entitled to recovery, in any amount and in any form, from the Defendant. Further, the Plaintiff's Amended Verified Complaint lacks the specificity required to plead fraud under F.R.C.P. Rule 9(b).

### THIRD CLAIM FOR RELIEF
### (Breach of Contracts)

48. The Defendant repeats and incorporates by reference its responses to paragraphs 1 through 47 as if set forth in full herein.

49. The Defendant denies the allegations contained in paragraph 49. More particularly, the Defendant specifically denies any and all allegations that the parties had entered into an employment contract.

50. No responsive pleading is required from the Defendant to the statement contained in paragraph 50, as it is a conclusion of law.

51. The Defendant denies the allegations contained in paragraph 51.

52. The Defendant denies the allegations contained in paragraph 52.

53. The Defendant denies the allegations contained in paragraph 53, and further denies that the Plaintiff is entitled to recovery, in any amount and in any form, from the Defendant.

### FOURTH CLAIM FOR RELIEF
### (Tortuous [sic] Interference with Economic Advantage)

54. The Defendant repeats and incorporates by reference its responses to paragraphs 1 through 53 as if set forth in full herein.

55. The Defendant denies the allegations contained in paragraph 55.

56. The Defendant denies the allegations contained in paragraph 56.

57. The Defendant denies the allegations contained in paragraph 57.

58. The Defendant denies the allegations contained in paragraph 58.

59. The Defendant denies the allegations contained in paragraph 59, and further denies that the Plaintiff is entitled to recover, in any amount and in any form, from the Defendant.

FIFTH CLAIM FOR RELIEF
(Promissory Estoppel)

60. The Defendant repeats and incorporates by reference its responses to paragraphs 1 through 59 as if set forth in full herein.

61. The Defendant denies the allegations contained in paragraph 61.

62. The Defendant denies the allegations contained in paragraph 62.

63. The Defendant denies the allegations contained in paragraph 63.

64. The Defendant denies the allegations contained in paragraph 64.

65. The Defendant denies the allegations contained in paragraph 65.

66. The Defendant denies the allegations contained in paragraph 66, and thus denies that the Plaintiff is entitled to recover, in any amount, and in any form, from the Defendant. Further, if, as the Plaintiff alleges and the Defendant denies, this claim is governed by a contract, a claim for promissory estoppels is inappropriate. *See Mile High Indus. v. Cohen*, 222 F.3d 845, 859 (10th Cir. 2000) ("'[P]romissory estoppel' is an affirmative cause of action or defense, which arises in instances <u>where no formal contract exists</u> and the party seeking promissory estoppel is attempting to prove the existence of an enforceable promise or agreement." (Emphasis added)).

67. The Defendant denies the allegations contained in paragraph 67, and thus denies that the Plaintiff is entitled to recover, in any amount, and in any form, from the Defendant. Further, if, as the Plaintiff alleges and the Defendant denies, this claim is governed by a contract, a claim for promissory estoppels is inappropriate. *See Mile High Indus.*, 222 F.3d at 859.

### SIXTH CLAIM FOR RELIEF
(Unpaid Wages Pursuant to Sections 8-4-109 and 8-4-110,
Colorado Revised Statutes against Accordant)

68. The Defendant repeats and incorporates by reference its responses to paragraphs 1 through 67 as if set forth in full herein.

69. The Defendant denies the allegations contained in paragraph 69.

70. The Defendant admits that the Plaintiff's counsel delivered a letter dated November 1, 2013 to the Defendant. The Defendant neither admits nor denies the content of that letter as it is a written document that speaks for itself.

71. The Defendant denies the allegations contained in paragraph 71.

72. The Defendant denies the allegations contained in paragraph 72.

73. The Defendant denies the allegations contained in paragraph 73.

74. The Defendant denies the allegations contained in paragraph 74.

75. The Defendant denies the allegations contained in paragraph 75, and further denies that the Plaintiff is entitled to recovery, in any amount and in any form, from the Defendant.

## AFFIRMATIVE DEFENSES

### First Defense

The Plaintiff's amended verified complaint should be dismissed, in its entirety, for failure to state claims upon which relief can be granted in the Plaintiff will not be able to prove all of the essential elements of the legal claims asserted.

### Second Defense

The 2013 Incentive Compensation Plan was fully integrated and expressly superseded all contrary manifestations and therefore the Plaintiff is estopped from introducing any and all extrinsic evidence.

### Third Defense

The Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### Fourth Defense

The Defendant made timely legal tender of amounts it believed in good faith to be earned, vested, and determinable wages or other compensation.

### Fifth Defense

The Defendant had a legitimate and good faith basis for not paying the monies identified in the Plaintiff's amended verified complaint.

### Sixth Defense

The Defendant was not unjustly enriched.

### Seventh Defense

The Plaintiff has not suffered any damages as alleged.

### Eighth Defense

The Plaintiff cannot recover any monetary damages because he has failed to mitigate his damages (if any).

### Ninth Defense

The Plaintiff's claims are barred, in whole or in part, by one or more of the doctrines of laches, estoppel, waiver, release, or ratification.

### Tenth Defense

Any damages the Plaintiff suffered were due to his own acts or omissions, or the acts of omission of others besides Defendant.

### Eleventh Defense

The Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

### Twelfth Defense

The Plaintiff's claims are barred, in whole or in part, because, at all relevant times, the Defendant acted in good faith, lawfully, and in accordance with all applicable federal and state laws.

### Thirteenth Defense

The Defendant did not commit the wrongs alleged in the Plaintiff's amended verified complaint.

### Fourteenth Defense

The Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine and/or unclean hands.

### Fifteenth Defense

The Defendant denies that the Plaintiff is entitled to any of the relief sought in his amended verified complaint, or otherwise.

### Sixteenth Defense

The Defendant has paid or made good on any previously unpaid amounts to the Plaintiff in accordance with the Colorado Wage Act, including, but not limited to, section 8-4-109, C.R.S.

### Seventeenth Defense

The Plaintiff is not entitled to seek the damages he claims under the Colorado Wage Claim Act because such wages were not and are not earned, vested, and determinable, under principles of equity and the terms of the 2013 Incentive Compensation Plan.

### Eighteenth Defense

The Defendant reserves the right to add other defenses that may be appropriate as provided for by law.

WHEREFORE, having fully answered or otherwise responded to the allegations of Plaintiff's amended verified complaint, and having set forth the foregoing Defenses, the Defendant respectfully requests that the Court dismiss the Plaintiff's claims in their entirety, that judgment be entered in the favor of the Defendant and against the Plaintiff, and that the Court award the Defendant the reasonable attorneys' fees, costs and expenses it has incurred and will incur in defending the Plaintiff's Complaint, which lacks substantial justification.

Dated: January 3, 2014.

IRELAND STAPLETON PRYOR & PASCOE, PC

*DULY SIGNED ORIGINAL ON FILE AT THE OFFICES OF IRELAND STAPLETON PRYOR & PASCOE, PC*

s/ *Laura J. Hazen*
Laura J. Hazen
K.C. Groves
James R. Silvestro
717 17th Street, Suite 2800
Denver, Colorado 80202
Telephone:	(303) 623-2700
Facsimile:	(303) 623-2062
lhazen@irelandstapleton.com
kcgroves@irelandstapleton.com
jsilvestro@irelandstapleton.com

*Attorneys for Defendant Accordant Health Services, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2014, I filed and served the foregoing **ANSWER OF ACCORDANT HEALTH SERVICES, LLC** with the Clerk of the Court and the following counsel using the CM/ECF system:

David H. Wollins, Esq.
David H. Wollins, P.C.
950 S. Cherry Street, Suite 512
Denver, CO 80246-2664
dhwollins@dhwpc-law.com

> s/ *Laura J. Hazen*
> Laura J. Hazen
> K.C. Groves
> James R. Silvestro
> 717 17th Street, Suite 2800
> Denver, Colorado 80202
> Telephone: (303) 623-2700
> Facsimile: (303) 623-2062
> lhazen@irelandstapleton.com
> kcgroves@irelandstapleton.com
> jsilvestro@irelandstapleton.com
> *Attorneys for Defendant Accordant Health Services, LLC*