UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-03271-MSK-BNB

RICHARD RABITO

    Plaintiff,

v.

ACCORDANT HEALTH SERVICES, LLC

    Defendant.

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiff, Richard Rabito ("Rabito"), and Defendant, Accordant Health Services, LLC ("Accordant"), may each seek documents or other information in discovery which contain confidential information of the other party or of a third-party, in connection with the above-captioned case (the "Action"). This Protective Order balances the interests of the public against the interests of the parties in avoiding disclosure of confidential information. This Protective Order is limited in scope and narrowly tailored, protecting only that information necessary to guard the movants' privacy and/or property rights, and no more.

THEREFORE, Rabito and Accordant jointly move this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for entry of this Protective Order. The Court having found that, in light of the nature of the confidential information that may be sought in discovery, good cause exists for the entry of the following Protective Order:

IT IS HEREBY ORDERED that this Protective Order is hereby entered in this Action:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of the parties to this Action. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including any designated representative of any party;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  (g)  deponents, witnesses, or potential witnesses; and

  (h)  other persons by written agreement of the parties.

  5.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

  6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

  7.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

  8.  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that

the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. The parties acknowledge that this Protective Order does not entitle them to file CONFIDENTIAL information under seal; Civil Local Rule 7.2 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated April 25, 2014.

BY THE COURT:

s/ Boyd N. Boland

                                            United States Magistrate Judge

AGREED AS TO FORM AND SUBSTANCE:

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| s/ David H. Wollins | s/ Todd M. Reed |
| David H. Wollins | Todd M. Reed |
| David H. Wollins, P.C. | EDWARDS WILDMAN PALMER LLP |
| 950 S. Cherry Street, Suite 512 | 2800 Financial Plaza |
| Denver, CO 80246 | Providence, RI 02903 |
| Telephone: | Telephone: (401) 528-5858 |
| Email: dhwollins@dhwpc-law.com | E-mail: treed@edwardswildman.com |
| | |
| | -and- |
| | |
| | K.C. Groves |
| | Kelley B. Duke |
| | James R. Silvestro |
| | Ireland Stapleton Pryor & Pascoe, PC |
| | 717 17th Street, Suite 2800 |
| | Denver, Colorado 80202 |
| | kcgroves@irelandstapleton.com |
| | kduke@irelandstapleton.com |
| | jsilvestro@irelandstapleton.com |
| *Attorney for Plaintiff* | *Attorneys for Defendant* |

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:13-cv-03271-MSK-BNB

RICHARD RABITO

      Plaintiff,

v.

ACCORDANT HEALTH SERVICES, LLC

      Defendant.

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

      I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado in the case of *Richard Rabito v. Accordant Health Services, LLC*, Case No. 1:13-cv-03271-MSK-BNB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

STATE OF _____   )
                                ) ss.
COUNTY OF _____   )

                                     (Print or Type Name)
SUBSCRIBED AND SWORN to before me this ____ day of _____, 201_, by _____.

WITNESS my hand and official seal.  _____

                                                                              Notary Public

My Commission Expires: _____